**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-2097**

BRIAN HEYWARD,

        Petitioner,

    v.

DEPARTMENT OF LABOR; BENORE LOGISTIC SYSTEM, INC.,

        Respondents.

On Petition for Review of an Order of the Department of Labor.  (ARB 2021-0023)

Submitted:  October 31, 2022                  Decided:  December 30, 2022

Before GREGORY, Chief Judge, DIAZ, Circuit Judge, and FLOYD, Senior Circuit Judge.

Petition denied in part, dismissed in part by unpublished per curiam opinion.

Brian Heyward, Petitioner Pro Se.   Johnda Diane Bentley, UNITED STATES DEPARTMENT OF LABOR, Washington, D.C.; Alvin Jack Finklea, III, SCOPELITIS GARVIN LIGHT HANSON & FEARY, PC, Indianapolis, Indiana, for Respondents.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Brian Heyward petitions for review of the Administrative Review Board's (ARB) final decision and order affirming the Administrative Law Judge's (ALJ) decision and order dismissing his complaint filed pursuant to the Surface Transportation Assistance Act of 1982 ("STAA"), 49 U.S.C. § 31105, and the ARB's order denying Heyward's motion to reconsider. We deny the petition for review in part and dismiss it in part.

"Under the scheme established by Congress, the Secretary of Labor makes final determinations on [STAA] violations subject to appellate court review." *Calhoun v. U.S. Dep't of Labor*, 576 F.3d 201, 208 (4th Cir. 2009) (cleaned up); *see also* 49 U.S.C. § 31105(d) (establishing appellate court review). "When reviewing the Secretary's determination, we are bound by his legal conclusions unless they are arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, and by his factual findings if they are supported by substantial evidence." *Yellow Freight Sys., Inc. v. Reich*, 8 F.3d 980, 984 (4th Cir. 1993) (cleaned up). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pac Tell Grp., Inc. v. NLRB*, 817 F.3d 85, 90 (4th Cir. 2016) (internal quotation marks omitted). In reviewing the Secretary's ultimate decision, "[w]e are mindful . . . of the deference due the Secretary's interpretation of a statute Congress charged him with administering." *Yellow Freight Sys.*, 8 F.3d at 984.

As pertinent here, the STAA prohibits an employer from discharging an employee because the employee has engaged in certain enumerated protected activities. 49 U.S.C. § 31105(a)(1). To prevail on a claim under § 31105(a)(1), a complainant must first

2

"establish a prima facie case that (1) he engaged in protected activity, (2) his employer took adverse employment action against him, and (3) there is a causal relationship between his protected activity and the adverse employment action." *Calhoun*, 576 F.3d at 209. If the complainant establishes his prima facie case, "[t]he burden then shifts to his employer to articulate a legitimate, nondiscriminatory reason for the adverse action." *Id.* If the employer does so, "the complainant bears the ultimate burden of demonstrating by a preponderance of the evidence that the legitimate reasons were a pretext for [retaliation]." *Id.* (internal quotation marks omitted).

Liberally construing Heyward's informal brief to challenge the ARB's order dismissing his complaint, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), we have reviewed the record and find no reversible error. We therefore deny the petition as to that order. And to the extent that Heyward seeks review of the ARB's denial of his motion to reconsider, that order is not subject to judicial review. *See, e.g.*, *Casa De Md. v. U.S. Dep't of Homeland Sec.*, 924 F.3d 684, 700 (4th Cir. 2019). We therefore dismiss that portion of the petition for lack of jurisdiction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED IN PART,*
*DISMISSED IN PART*

3